STATE of Indiana, Appellant,

v.

Glenn ALLEN, Appellee.

No. 49A04–8802–CR–35.

Court of Appeals of Indiana, Fourth District.

July 21, 1988.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

John G. Forbes, Donn H. Wray, Stewart & Irwin, Indianapolis, for appellee.

MILLER, Presiding Judge.

The State appeals from the judgment of the Marion Municipal Court granting Glenn Allen's Motion to Suppress evidence of gambling seized from his apartment under a search warrant. The trial court decided that although it was established that certain telephone numbers were being used, there was no connection between the phone numbers and the place to be searched. The State alleges the trial court erred in granting Allen's motion because the affidavit offered in support of the warrant estab-

lished probable cause. We agree that a fair reading of the affidavit reveals that it established probable cause, and, therefore, reverse and remand.

## FACTS

On March 11, 1987 Detective Kevin Kinnee of the Indianapolis Police Department filed an Affidavit for Search Warrant in the Marion County Municipal Court. We quote the pertinent parts:

"[affiant] swears or affirms that he believes and has good cause to believe that property the possession of which is unlawful, to-wit: sports betting slips and any slip, sheet, ticket or record that is used in any nature to bet or wager or chance of winning any kind of reward or prize, based upon the drawing or drawn members of symbols and dependent upon the outcome of any race, athletic game, event or on the drawing for prices in any public or private lottery, pool or policy game are being kept of dispensed at 3119 East 52nd Apt. F Indianapolis, Marion County, Indiana by Donald Vanzee white male, DOB 4–12–48. Said premises is described as a three story brown brick building with white pillars. The entrance is on the northwest corner and the door faces north. The number 3119, is above the door. Apartment F is on the top floor at the west end of the building. It has an F on a brown door. Affiant makes the above allegations on the basis of the foregoing fact:

1. Affiant for a fact that: I, Detective Kevin Kinnee, received information from a reliable and trustworthy informant who has been used in the past, resulting in arrests and convictions. The above informant has knowledge as to what illegal bookmaking consists of and has a working knowledge of sports betting activities. Said informant stated that Donald Vanzee was actively involved in Bookmaking and before a game or event on which gambling may occur, Mr. Vanzee would knowingly transmit and receive gambling information. This being in violation of Indiana Law. Said informant further stated that Donald Vanzee

would take bets over the phone using number 769–4482. I checked with communication corporation of Indiana and found that 769–4482 was listed to 435 North 1100 East Zionsville, Indiana and the person billed for the service is Donald Vanzee. Said informant has placed bets on sporting events with Mr. Vanzee in the past and is at this time still betting with Mr. Vanzee. I, Detective Kinnee, verified portions of the above, thru independent sources.

2. Affiant for a fact that: On February 18, 1987 at 1900 hours, I served a search warrant at the above location and found some evidence used in bookmaking. I was informed that Mr. Vanzee knew that we were going to serve a search warrant at his residence. Since the above search warrant, the above informant has continued to place bets with Donald Vanzee. Mr. Vanzee changed the location of his bookmaking activities to 3119 East 52nd Apt. F. *Telephones used at the above location are as follows: 257–3068, 257–5244, 259–8104, and 259–8374. All the above phone numbers come back to Mark D. Sanders at 3119 E. 52nd Apt. F, Indianapolis, Marion County, Indiana. Said informant has been betting with Mr. Vanzee at the above new location using the above phones. The last of which was within the last seventy-two (72) hours."* (Emphasis added). The magistrate issued a warrant, and the police executed a search the following day.

The search revealed that the apartment was the residence of Allen and Mark D. Sanders. The police found and seized gambling records and betting slips, over ten thousand dollars in cash that was hidden about the apartment, and a Smith & Wesson .45 caliber revolver (listed as stolen in Columbus, Indiana) with five rounds of ammunition found in a closet connected to Allen's bedroom.

Allen was charged on March 17, 1987 with Professional Gambling, a Class D felony,[1] and Promoting Professional Gambling, a Class D felony.[2] On August 3, 1987 Allen filed a Motion to Suppress asserting that the affidavit failed to establish probable cause and, consequently, the search was invalid. The trial court granted Allen's motion, precluding further prosecution of the case, and the State appealed.[3]

## DISCUSSION AND DECISION

The State asserts that the trial court erred in finding the affidavit failed to establish probable cause. The State concedes that the affidavit is not flawless and could have been better stated, but, that a practical, common-sense reading of the entire affidavit provided the magistrate with a sufficient factual basis from which to find probable cause. We agree.

To demonstrate probable cause to search premises, an affidavit must provide a sufficient basis of fact to permit a reasonably prudent person to believe that a search of those premises will uncover evidence of a crime. *Woods v. State* (1987), Ind.App., 514 N.E.2d 1277 (citing *Carroll v. United States* (1925), 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543.) An affidavit based on an informant's tip, such as the one here, has been considered open to question because the tip is hearsay and is consequently susceptible to concerns about perception and truthfulness. *See, Spinelli v. United States* (1969), 393 U.S. 410, 425, 89 S.Ct. 584, 593, 21 L.Ed.2d 637 (concurring opinion). If the tip is to form the basis for a finding of probable cause, the magistrate must have good reason to believe the tip is reliable. *Aguilar v. Texas* (1964), 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Otherwise, the magistrate would be relinquishing his authority to the informant, and possibly to an overeager law enforcement officer. *Culver v. State* (1988), Ind.App., 519 N.E.2d 196 (citing *Aguilar, supra*).

Yet, the Supreme Court has abandoned the double demands for perception and veracity formerly required under the so-called *Aguilar–Spinelli* test for informant reliability. *Illinois v. Gates* (1983), 462 U.S.

---

1. IND.CODE 35–45–5–3.

2. IND.CODE 35–45–5–4.

3. IND.CODE 35–38–4–2(5) [Burns 1985 Repl.]

213, 103 S.Ct. 2317, 76 L.Ed.2d 527. Now, even though an informant's truthfulness and basis of knowledge are still important considerations, they are to be viewed as no more than "relevant considerations in the totality of circumstances analysis that traditionally guided probable cause determinations." *Culver, supra* (quoting *Gates, supra* at 230, 103 S.Ct. at 2328). In other words, the Court rejected what it believed had become too rigid a test for judging informant reliability and substituted a more flexible approach to making these determinations.

The *Gates* opinion set out guidelines for evaluating affidavits in a more flexible way. It described the magistrate's job as:

"... simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238–239, 103 S.Ct. at 2332–2333.

Magistrates are to refrain from "excessively technical dissection of informants' tips;" *Id.,* and from "judging bits and pieces of information in isolation." *Massachusetts v. Upton* (1984), 466 U.S. 727, 732, 104 S.Ct. 2085, 2087–2088, 80 L.Ed.2d 721. The *Gates* opinion stated there was no neat set of legal rules by which to judge informants' tips; instead, they should be judged by a common-sense overall approach.

Just as the *Gates* opinion set out the magistrate's role in making the initial decision about an affidavit, the Court also defined the parameters for a reviewing court's consideration of the magistrate's decision. This court is not to conduct a *de novo* review of an affidavit. Nor is this court to take a grudging or negative attitude toward warrants. Instead, we are to accord great deference to the magistrate's decision. Our task is simply to insure that the magistrate had a "substantial basis for conclud[ing]" that the affidavit established probable cause. *Id.,* 462 U.S. at 238–239, 103 S.Ct. at 2332–2333 (citing *Jones v.*

*United States* (1960), 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697).

Being mindful of the restraints that have been placed upon our appellate role in reviewing affidavits, we consider the case at hand. Here, the question before us is whether the trial court erred in determining the instant affidavit failed to establish probable cause. We find it did for the following reasons.

First, this court has noted in recent opinions some ways in which law enforcement officers may better state a factual basis in an affidavit. *See, generally, Culver, supra; Woods, supra.* Here, however, the affiant has obviously attempted to tell the magistrate about the informant in a copious manner. The affidavit established the informant's (1) reliability and trustworthiness, (2) good track record (past information has a led to arrests and convictions), (3) working knowledge of sports betting activities, and (4) personal knowledge (through placing bets with Vanzee at the first address and at the second location). All of these kinds of detail assist a magistrate in judging informant reliability. And, here, the magistrate obviously had before him the "relevant considerations," truthfulness and personal knowledge, from which to conclude the information was reliable. In these respects, the affidavit at hand is detailed and helpful.

Further, the affiant states that the informant had provided reliable information that had led to a search uncovering evidence of bookmaking less than a month before. No doubt this successful investigation—though apparently somewhat thwarted—strengthened the affiant's confidence in the informant.

The only problem the affidavit presents is that the officer's corroborations of the telephone numbers at the two residences is reported differently; thus, admittedly, creating some ambiguity. During the first investigation, Officer Kinnee reported that the informant gave him a telephone number that was used to place bets at a particular Zionsville address. The officer routinely checked with Communication Corporation of Indiana and learned the telephone

number was listed to Vanzee at the address given him by the informant; thus, the check of the telephone number corroborated the informant's tip. When Officer Kinnee was told the bookmaking activities had been moved to a different location, using different telephone numbers, he reported the investigation somewhat differently.

In reporting about the second investigation, the affidavit, in relevant part, reads: "Since the above search warrant, the above informant has continued to place bets with Donald Vanzee. Mr. Vanzee changed the location of his bookmaking activities to 3119 East 52nd Street Apt. F Telephones used at the above location are as follows: [numbers omitted] All the above phone numbers come back to Mark D. Sanders at 3119 E. 52nd Apt. F, Indianapolis, Marion County, Indiana. Said informant has been betting with Mr. Vanzee at the above new location using the above phones. The last of which was within the last seventy-two (72) hours." (Record at p. 33).

Allen argued in his motion to suppress that the affidavit only provided Detective Kinnee's "conclusion" the telephone numbers were connected to the Indianapolis address and, therefore, the affidavit failed to establish probable cause. Apparently the trial court agreed. We think, however, that to affirm such an interpretation would require engaging in "excessively technical dissection" and "judging bits and pieces of information in isolation," all contrary to the Supreme Court's admonition to make a common-sense determination.

As the Supreme Court requires under *Gates*, the magistrate is not to engage in the kind of hypertechnical dissection advocated by Allen, but to consider the total circumstances. Here we have a confidential informant whose record for truthfulness and personal knowledge of these gambling activities is solidly established. Further, the officer has outlined the routine procedure by which he connected the phone number with the Zionsville address. The

informant had been placing bets at the Indianapolis address using certain telephone numbers within three days of the affidavit. The officer states these telephone numbers "come back to" the Indianapolis address. A common-sense reading of this language, in light of the total circumstances, would lead us to believe the officer again routinely checked the numbers with the telephone company and found they attached to the address in question.

As previously stated herein, the affidavit at hand establishes both the informant's record for truthfulness (past credible information leading to arrests and convictions) and his basis of knowledge (betting using these numbers at the Indianapolis address within the previous three days). Simply because the tip does not state the informant went personally to the address, or that the officer corroborated the connection between the address and the telephone numbers in a routine way as he had done previously, does not render the affidavit deficient. The gist of the affidavit is that there was corroboration of the connection ("the numbers come back to") even though not expressed precisely. As *Gates* reminds us, affidavits are normally drafted by non-lawyers in the haste of investigation. And, they are reviewed by persons who are neither lawyers nor judges. Here, we find the magistrate made a common-sense decision, based upon all the circumstances, that there was a fair probability contraband could be found at the address provided.

The trial court erred in dissecting the affidavit rather than in deferring to the magistrate's decision. The affidavit is sufficient, and the evidence should have been admitted.[4]

Reversed.

SHIELDS, P.J., and CONOVER, J., concur.

---

4. Because we find the affidavit is sufficient, we need not address the State's contention that had we found otherwise, the evidence was nevertheless admissible under the good faith exception

announced in *U.S. v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677. If we were required to address it, we would undoubtedly arrive at the same conclusion as did our supreme court in *Blalock v. State* (1985), Ind., 483 N.E.2d 439, 444, where the court, after finding probable cause, stated:

"We further agree with Judge Neal in his dissent to the present case that even should the probable cause affidavit be found deficient, the good faith exception articulated by the United States Supreme Court [in *Leon, supra*] would justify the police in executing the warrant thus rendering the evidence thereby found properly admissible."